IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: <br> BILL HEARD ENTERPRISES, INC., <br> BILL HEARD CHEVROLET COMPANY, <br> BILL HEARD CHEVROLET, INC. – <br> HUNTSVILLE, f/k/a LANDMARK <br> CHEVROLET, INC., <br> TOM JUMPER CHEVROLET, INC., <br> BILL HEARD CHEVROLET <br> CORPORATION NASHVILLE, <br> BILL HEARD CHEVROLET <br> CORPORATION – ORLANDO, <br> BILL HEARD CHEVROLET, INC. – <br> UNION CITY, <br> BILL HEARD CHEVROLET, INC. – <br> COLLIERVILLE, <br> BILL HEARD CHEVROLET, INC. – <br> SCOTTSDALE, <br> BILL HEARD CHEVROLET, INC. – <br> PLANT CITY, f/k/a BELL CHEVROLET, <br> INC., <br> BILL HEARD CHEVROLET <br> CORPORATION – LAS VEGAS, <br> BILL HEARD CHEVROLET <br> CORPORATION – N.W. LAS VEGAS, <br> EIN: 58-1450389 <br>     Debtors, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO.: 08-83029-JAC11 <br><br><br><br><br><br> CHAPTER 11 |
| ADAM KETTELL, Individually and as <br> Class Representative <br>     Plaintiff, <br><br> v. <br><br> BILL HEARD ENTERPRISES, INC., <br> BILL HEARD CHEVROLET COMPANY, <br> BILL HEARD CHEVROLET, INC. – <br> HUNTSVILLE, f/k/a LANDMARK <br> CHEVROLET, INC., <br> TOM JUMPER CHEVROLET, INC., <br> BILL HEARD CHEVROLET , <br> CORPORATION NASHVILLE, <br> BILL HEARD CHEVROLET <br> CORPORATION – ORLANDO, <br> BILL HEARD CHEVROLET, INC. – <br> UNION CITY, <br> BILL HEARD CHEVROLET, INC. – <br> COLLIERVILLE, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br> AP NO.: _____ |

1

| | |
|---|---|
| BILL HEARD CHEVROLET, INC. – SCOTTSDALE, | ) ) |
| BILL HEARD CHEVROLET, INC. – PLANT CITY, f/k/a BELL CHEVROLET, INC., | ) ) ) |
| BILL HEARD CHEVROLET, CORPORATION – LAS VEGAS, | ) ) |
| BILL HEARD CHEVROLET CORPORATION – N.W. LAS VEGAS, Defendants. | ) ) ) |

## COMPLAINT

Comes now the Plaintiff, Adam Kettell, and brings this action on behalf of himself and all others similarly situated against Bill Heard Enterprises, Inc., Bill Heard Chevrolet Company, Bill Heard Chevrolet, Inc. – Huntsville, f/k/a Landmark Chevrolet, Inc., Tom Jumper Chevrolet, Inc., Bill Heard Chevrolet Corporation Nashville, Bill Heard Chevrolet Corporation – Orlando, Bill Heard Chevrolet, Inc. – Union City, Bill Heard Chevrolet, Inc. – Collierville, Bill Heard Chevrolet, Inc. – Scottsdale, Bill Heard Chevrolet, Inc. – Plant City, f/k/a Bell Chevrolet, Inc., Bill Heard Chevrolet Corporation – Las Vegas, Bill Heard Chevrolet Corporation – N.W. Las Vegas, by complaining as follows:

## PARTIES

1.  Plaintiff is an adult resident citizen of Madison County, Alabama.

2.  Defendant, Bill Heard Chevrolet, Inc. - Huntsville, (hereinafter referred to as "Heard-Huntsville") is a corporation whose principal place of business is in Madison County, Alabama.

3.  Defendant, Bill Heard Enterprises, Inc.,(hereinafter referred to as "Parent") is a Georgia corporation doing business in Madison County, Alabama.

4.  Defendants, Bill Heard Chevrolet Company, Tom Jumper Chevrolet, Inc., Bill Heard Chevrolet Corporation Nashville, Bill Heard Chevrolet Corporation – Orlando, Bill Heard Chevrolet, Inc. – Union City, Bill Heard Chevrolet, Inc. – Collierville, Bill Heard Chevrolet, Inc. – Scottsdale, Bill Heard Chevrolet, Inc. – Plant City, f/k/a Bell Chevrolet, Inc., Bill Heard Chevrolet Corporation – Las Vegas, and Bill Heard Chevrolet Corporation – N.W. Las Vegas are foreign corporations and along with Bill Heard Chevrolet, Inc. - Huntsville are hereinafter referred to as "Subsidiaries". The Subsidiaries along with their Parent are known collectively as "Debtors". Debtors are an integrated enterprise. There exists interrelation of operations, common management, centralized control of

labor relations, ownership and financial control. Debtors are collectively an employer within the definition of the WARN Act.

## JURISDICTION AND VENUE

5.  Plaintiff brings this action pursuant to the Worker's Adjustment and Retraining Notification Act (hereinafter referred to as the "WARN Act", 29 USC § *2101 et. seq.*. This Court has jurisdiction over this matter pursuant to 29 U.S.C. *§2104(a)(5)*.

6.  This adversary proceeding is one arising in Heard's case number 08-83029.

7.  The Court has exclusive jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(1). Each Defendant has submitted to the jurisdiction of this Court by filing and maintaining their respective Bankruptcy Petitions in the Northern District of Alabama, Northern Division.

8.  Pursuant to Bankruptcy Rules 7008(a) and 7023, Plaintiff states that this is a core proceeding within the meaning of 28 U.S.C. §157 (b)(1).

9.  Venue of this adversary proceeding in this Court is proper pursuant to 28 U.S.C. §1409.

## FACTUAL ALLEGATIONS

10. Heard-Huntsville operated a car dealership including a service center, body shop and other component operations in Madison County, Alabama. Heard-Huntsville is an employer as defined by *29 U.S.C. §2101* and *20 C.F.R. §639.3*.

11. Parent operated 12 dealerships, including Heard-Huntsville, as an integrated enterprise wherein there was common ownership, common management, interrelation of operations, centralized control of management and financial control.

12. On September 24, 2008, Debtors closed and, on that same date, informed over 200 employees in Huntsville and over 2300 nationwide that Debtors had shut down and was laying off its employees.

3

13. Debtors failed to provide written notice to its employees 60 calendar days prior to its plant closing.

14. Plaintiff, individually, and on behalf of all others similarly situated, was damaged as a result of Debtors' failure to provide notice pursuant to the WARN Act and is entitled to said damages and penalties as provided by the WARN Act.

## COUNT I

## VIOLATION OF WARN ACT

15. All preceding paragraphs are incorporated herein by reference.

16. Debtors violated the WARN Act (*29 U.S.C. §2101, et seq.*) by failing to provide written notice to its employees 60 calendar days prior to its dealership closings. The WARN Act provides protection to workers, their families and communities by requiring employers to provide notification 60 calendar days in advance of business closings and mass layoffs. Advance notice provides workers and their families some transition time to adjust to the prospective loss of employment, to see and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market.

17. Debtors' failure to provide timely notice resulted in damages to the Plaintiff in addition to entitling the Plaintiff to payment of penalties, attorney's fees, and the recovery of damages as provided under the WARN Act.

## CLASS ACTION ALLEGATIONS

18. The Plaintiff prays that this Court will certify this action as a class action as provided by *Federal Rules of Civil Procedure 23* and realleges and incorporates by reference the allegations and counts of this Complaint on behalf of all those hereinafter described belonging to the class.

19. The Plaintiff brings this action on behalf of himself individually and as a class action pursuant to *Rule 23* of the *Federal Rules of Civil Procedure*, on behalf of all members of the class composed of all persons who, as employees of Debtor, were not provided timely notice of Debtor's

closing pursuant to the WARN Act. This class action seeks actual damages, penalties as provided under the WARN Act and attorney's fees.

20. The Plaintiff avers that the class is so numerous that joinder of all members as parties Plaintiff is impracticable. There are hundreds of class members dispersed throughout North Alabama and thousands throughout the United States. The number of class members and their addresses can be ascertained from the books and records of Debtors through discovery.

21. The Plaintiff further avers that there are questions of law and fact common to the Class relating to the Debtors' failure to give timely notice pursuant to the WARN Act. The Plaintiff further avers that his claim, as a representative of the class, is typical of the claims of the class.

22. The Plaintiff further avers that, in his representative capacity, Plaintiff will fairly and adequately protect the interests of the class.

23. There exist questions of law and fact common to the members of the class which predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

   a. Each class member was employed by a subsidiary at the time of the closing. The names and addresses can be easily ascertained from the Defendants' business records. (Hereafter, "Plaintiffs" shall refer to the named Plaintiff as well as members of the class).

   b. The common or similar issues of law and fact which predominate over individual issues include, but are not limited to, the following:

      (1) Whether the actions of the Debtors violates the law as alleged herein;

      (2) Whether Debtors participated in and pursued the course of conduct complained of herein;

      (3) Whether Plaintiffs and the other members of the class have sustained damages and the appropriate measure of those

        damages, including penalties to which the Plaintiffs may be entitled under the WARN Act, including attorney's fees.

    (4)    The class action proceedings will provide a practical basis for the termination of all interests of the parties, prevent inconsistent adjudications, maximize judicial economy, and is superior to all other available methods of fair and efficient adjudication of the controversy.

c.    The named representative's claims are typical and representative of the class claims because the Debtors have similarly treated the Plaintiffs. Plaintiff does not know of any difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

WHEREFORE, premises considered, the Plaintiff and other class members pray that this Honorable Court will:

A.    Declare this action to be a proper class action and certify the Plaintiff as representative of the class action under *Rule 23* of the *Federal Rules of Civil Procedure.*

B.    Award the Plaintiff and other class members statutory and compensatory damages against Debtors, including interests and costs of court.

C.    Award the Plaintiff and the other members of the class their costs and expenses incurred in this action, including attorneys' fees and reimbursement of Plaintiff's and counsels' expenses.

D.    That the Court will declare this action to be a proper class action and certify that Plaintiff as representative of the class under *Rule 23* of the *Federal Rules of Civil Procedure*; award the Plaintiff and other class members statutory and compensatory damages against the Debtors, including interest and costs; award the Plaintiff and other members of the class their costs and

expenses incurred in this action, including attorney's fees and reimbursement of Plaintiffs' and counsels' expenses incurred.

_____
Gary V. Conchin
Attorney for Plaintiff
gconchin@alinjurylaw.com

_____
Joe A. King, Jr.
Attorney for Plaintiff
jking@alinjurylaw.com

_____
Joseph D. Aiello
Attorney for Plaintiff
jaiello@alinjurylaw.com

OF COUNSEL:
**MORRIS, CONCHIN & KING**
P. O. Box 248
Huntsville, Alabama 35804
(256) 536-0588
(256) 533-1504 (FAX)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the below listed parties to this action by placing a copy of same in the United States Mail, postage pre-paid and properly addressed, or via the CM/ECF system of the United States Bankruptcy Court this the ___3rd___ day of October, 2008.

_____
Gary V. Conchin

Derek F. Meek
Burr & Forman, LLP
420 North 20th Street
Birmingham, Alabama 35203

Mark P. Solomon
Burr & Forman, LLP
3100 SouthTrust Tower
Birmingham, Alabama 35203

Richard Blythe
Asst. U.S. Bankruptcy Administrator
U.S. Bankruptcy Court
Post Office Box 3045
Decatur, Alabama 35602