# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | } | |
| BILL HEARD ENTERPRISES, INC., et al.,[1] | } | CHAPTER 11 |
| Debtors. | } | Case No. 08-83029-JAC-11 |

| | | |
|---|---|---|
| ADAM KETTELL, Individually | } | AP 08-80153-JAC-11 |
| and as Class Representative, | } | |
| Plaintiff, | } | |
| v. | } | |
| | } | |
| BILL HEARD ENTERPRISES, INC., BILL | } | |
| HEARD CHEVROLET CO. BILL HEARD | } | |
| CHEVROLET, INC. - HUNTSVILLE, | } | |
| f/k/a LANDMARK CHEVROLET, INC., | } | |
| TOM JUMPER CHEVROLET, INC., | } | |
| BILL HEARD CHEVROLET, CORP. | } | |
| NASHVILLE, BILL HEARD | } | |
| CHEVROLET CORP. - ORLANDO, | } | |
| BILL HEARD CHEVROLET, INC. | } | |
| - UNION CITY, BILL HEARD | } | |
| CHEVROLET, INC. - COLLIERVILLE, | } | |
| BILL HEARD CHEVROLET, INC. | } | |
| - SCOTTSDALE, BILL HEARD | } | |
| CHEVROLET, INC. - PLANT CITY f/k/a | } | |
| BELL CHEVROLET, INC., BILL HEARD | } | |
| CHEVROLET, CORPORATION - LAS | } | |
| VEGAS, BILL HEARD CHEVROLET | } | |
| CORPORATION - N.W. LAS VEGAS, | } | |
| Defendants. | } | |

| | | |
|---|---|---|
| EDWARD KRATZEL, on behalf of himself | } | AP 08-80154-JAC-11 |

---

[1]  In addition to Bill Heard Enterprises, Inc., the Debtors include the following entities: (i) Bill Heard Chevrolet Company, (ii) Tom Jumper Chevrolet, Inc., (iii) Bill Heard Chevrolet, Inc. - Huntsville, (iv) Landmark Chevrolet, Ltd., (v) Bill Heard Chevrolet, Ltd., (vi) Bill Heard Chevrolet Corporation Nashville, (vii) Bill Heard Chevrolet Corporation - Orlando, (viii) Bill Heard Chevrolet, Inc. - Union City, (ix) Bill Heard Chevrolet at Town Center, LLC, (x) Bill Heard Chevrolet, Inc. - Collierville, (xi) Bill Heard Chevrolet, Inc. - Scottsdale, (xii) Bill Heard Chevrolet, Inc. - Plant City, (xiii) Bill Heard Chevrolet, Inc. - Buford, (xiv) Bill Heard Chevrolet Corporation - Las Vegas, (xv) Bill Heard Chevrolet Corporation - N.W. Las Vegas, (xvi) Twentieth Century Land Corp., (xvii) Enterprise Aviation, Inc., (xviii) Century Land Corporation, (xix) Century Land Company - Tennessee, (xx) Bill Heard Management, LLC, (xxi) Landmark Vehicle Mgt., LLC, (xxii) Georgia Services Group, LLC, (xxiii) Columbus Transportation, LLC, and (xxiv) Airport Chevrolet, Inc.

| | |
|---|---|
| and all others similarly situated, | } |
|                Plaintiff, | } |
| | } |
| v. | } |
| | } |
| **BILL HEARD ENTERPRISES, INC., BILL HEARD CHEVROLET CO., TOM JUMPER CHEVROLET, INC., BILL HEARD CHEVROLET, INC. - HUNTSVILLE, LANDMARK CHEVROLET, LTD., BILL HEARD CHEVROLET, LTD., BILL HEARD CHEVROLET CORP. NASHVILLE, BILL HEARD CHEVROLET CORP. - ORLANDO, BILL HEARD CHEVROLET, INC.- UNION CITY, BILL HEARD CHEVROLET AT TOWN CENTER, LLC., BILL HEARD CHEVROLET, INC. - COLLIERVILLE, BILL HEARD CHEVROLET, INC. - SCOTTSDALE, BILL HEARD CHEVROLET, INC. - PLANT CITY, BILL HEARD CHEVROLET, INC. - PLANT CITY, BILL HEARD CHEVROLET CORP. - LAS VEGAS, BILL HEARD CHEVROLET CORP. - N.W. LAS VEGAS, TWENTIETH CENTURY LAND CORP., ENTERPRISE AVIATION, INC., CENTURY LAND CORP.,CENTURY LAND CO.- TENN., BILL HEARD MANAGEMENT, LLC, LANDMARK VEHICLE MGT., LLC, GEORGIA SERVICES GROUP, LLC and COLUMBUS TRANSPORTATION, LLC.,** | } } } } } } } } } } } } } } } } } } } } } } } } } } } |
|                Defendants. | } |

| | | |
|---|---|---|
| **ERICA LODGE, MICHELLE WHITBY, and ROBERT DUNN on behalf of themselves and all others similarly situated,** | } } } | AP 08-80172-JAC-11 |
|                Plaintiffs, | } | |
| v. | } | |
| | } | |
| **BILL HEARD ENTERPRISES, INC., BILL HEARD CHEVROLET COMPANY, TOM JUMPER CHEVROLET, INC., BILL HEARD CHEVROLET, INC.** | } } } } | |

| | |
|---|---|
| - HUNTSVILLE, LANDMARK | } |
| CHEVROLET, LTD., BILL HEARD | } |
| CHEVROLET. LTD., BILL HEARD | } |
| CHEVROLET CORP. NASHVILLE, | } |
| BILL HEARD CHEVROLET CORP. | } |
| - ORLANDO, BILL HEARD CHEVROLET, | } |
| INC. - UNION CITY, BILL HEARD | } |
| CHEVROLET AT TOWN CENTER, LLC, | } |
| BILL HEARD CHEVROLET, INC. - | } |
| COLLIERVILLE, BILL HEARD | } |
| CHEVROLET, INC. - SCOTTSDALE, BILL | } |
| HEARD CHEVROLET, INC. - PLANT | } |
| CITY, BILL HEARD CHEVROLET, INC. | } |
| - BUFORD, BILL HEARD CHEVROLET | } |
| CORP.- LAS VEGAS, BILL HEARD | } |
| CHEVROLET CORP. - N.W. LAS VEGAS, | } |
| TWENTIETH CENTURY LAND CORP., | } |
| ENTERPRISE AVIATION, INC., | } |
| CENTURY LAND CORP., CENTURY | } |
| LAND CO. - TENNESSEE, BILL HEARD | } |
| MANAGEMENT, LLC, LANDMARK | } |
| VEHICLE MGT., LLC, GEORGIA | } |
| SERVICES GROUP, LLC, and | } |
| COLUMBUS TRANSPORTATION, LLC., | } |
| | } |
| Defendants. | } |

## CONSOLIDATED INTERIM ORDER

This matter is before the Court on the motions filed by Bill Heard to dismiss each of the above styled adversary proceedings and on motions for class certification, appointment of class representative and class counsel filed by plaintiff Edward Kratzel ("Kratzel"), and plaintiff Adam Kettell ("Kettell"). The plaintiffs in each of the adversaries seeks relief under the Federal Worker Adjustment and Retraining Notification Act ("WARN Act"), 28 U.S.C. § 2101 *et. seq.* Bill Heard argues that the adversary proceedings should be dismissed and handled through the claims process or alternatively requests that the Court defer ruling on whether to allow any class action to proceed for a minimum of 90 days to allow the parties to determine whether there will be any assets available

to pay WARN Act claims. For the reasons set forth herein, the Court finds that Bill Heard's motions to dismiss are due to be denied. As more fully discussed below, the Court grants the motion filed by plaintiff Kettell for class certification and appoints the law firms of Morris, Conchin & King, The Gardner Firm, P.C., and Landenau & Miller, LLP, as class counsel pursuant to Fed.R.Civ.P. 23(g).

## BACKGROUND

On September 28, 2008, Bill Heard Enterprises, Inc. and other related entities (collectively "Bill Heard") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Prior to filing bankruptcy, Bill Heard owned and operated fourteen Chevrolet dealerships in seven states. On September 24, 2008, Bill Heard ceased operations at the dealerships and informed substantially all of its employees located at its various locations that they were terminated effective immediately.

## RELIEF SOUGHT

Each of the above styled adversary proceedings seeks relief under the WARN Act and alleges that Bill Heard violated the Act by failing to provide employees with 60 days advanced written notice of their termination prior to ceasing operations. Plaintiffs seek to recover 60 days wages and benefits, pursuant to 29 U.S.C. § 2104. Plaintiffs Kratzel and Lodge argue that their WARN Act claims, as well as the claims of all similarly situated employees, are entitled to administrative expense status pursuant to 11 U.S.C. § 503(b)(1)(A)(ii), or, in the alternative, priority status pursuant to 11 U.S.C. § 507(a)(4),(5). Kettle argues that the first $10,950 of each putative class member's WARN Act claim would be entitled to § 507(a)(4) priority, and the remaining balance, if any, would be a general unsecured claim.

Bill Heard argues that the WARN Act adversary proceedings should be dismissed and handled through the claims process. Bill Heard asserts that plaintiffs' claims can just as easily be submitted and determined by filing proofs of claims, and the adversary proceedings are therefore unnecessary and duplicative of the claims process. Alternatively, Bill Heard seeks a ruling now that any WARN Act claims, if allowed, shall be afforded fourth priority wage claim status under § 507(a)(4) of the Code, but requests that the Court defer any ruling on whether to allow any class action to proceed for a minimum of 90 days.

## FINDINGS

In ruling on a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, and all well-pleaded facts alleged by the plaintiff must be accepted as true.[2] In each of the pending adversary proceedings, the plaintiffs alleged that they were terminated by Bill Heard on September 24, 2008 without advanced written notice along with approximately 2300 other Bill Heard employees. In support of its motion to dismiss, Bill Heard attached the case of *Hart v. First Magnus Fin. Corp. (In re First Magnus Fin. Corp.)*, Adv. Proc. No. 4-07-bk-01578-JMM (Bankr. D. Ariz. January 10, 2008) wherein the bankruptcy court denied class certification in a WARN Act adversary proceeding. In *First Magnus,* the court determined that class certification was unnecessary and found that it would be a waste of judicial resources to move forward with the adversary complaint when the claims process was moving the same issues down a parallel track. That case involved a class, however, of eight plaintiffs, each of whom had already filed a proof of claim. In this case, the proposed class is composed of approximately 2300 employees. In a case

---

[2] *Johnson v. First NLC Fin. Servs., LLC, (In re First NLC Fin. Servs., LLC,* ) 2008 WL 3471673 (Bankr. S.D. Fla. 2008).

involving potentially 2300 claimants, the Court believes and finds that a class action adversary proceeding to resolve the claims is appropriate and preferable to the claims procedure. Even if the Court dismissed the adversary proceedings, Kettell filed a class proof of claim in this case on November 26, 2008 which the Court would have to address as recognized by the Eleventh Circuit in *In re Charter Co.*, 876 F.2d 866 (11th Cir. 1989). Given the size of the class involved in this case and the fact that Bill Heard has expressed opposition to any and all WARN Act claims and will most certainly vigorously defend against same whether in the claims process or through these adversary proceedings, the Court recognizes and finds that resolving the WARN Act claims collectively through a class action adversary proceeding will be more efficient than handling same in a piece meal fashion through the claims process.[3] The Court further believes that same is necessary to protect the employees rights given the relatively small nature of their individual claims and the concern as expressed by the Eleventh Circuit in *In re Charter Co.,* 876 F.2d 866, 877 (11th Cir. 1989) that persons holding small claims may not prosecute same absent the class procedures. The Court further notes that the putative class members in this case are spread out in seven states and takes particular notice of the geographical hardship it would create on same to defend their claims.

In considering motions for class certification the Eleventh Circuit has stated:

> Rule 23 establishes the legal roadmap courts must follow when determining whether class certification is appropriate. Pursuant to Rule 23(a), a class may be certified only if (1) the class is so numerous that joinder of all members would be impracticable; (2) there are questions of fact and law common to the class; (3) the claims or defenses of the representatives are typical of the claims and defenses of the unnamed

---

[3] *See Burgio v. Protected Vehicles, Inc. (In re Protected Vehicles, Inc.)*, 397 B.R. 339 (Bankr. S.C. 2008)(certifying class of 300 WARN Act claimants); *Johnson v. First NLC Fin. Servs., LLC (In re First NLC Fin. Servs., LLC)*, 2008 WL 3471673 *3 (Bankr. S.D. Fla. 2008)(finding adversary proceeding preferable for resolution of complaint involving 200 WARN claimants rather than claims process).

members; and (4) the named representatives will be able to represent the interests of the class adequately and fairly. Fed.R.Civ.P. 23(a).

These four prerequisites of Rule 23(a) are commonly referred to as "numerosity, commonality, typicality, and adequacy of representation, and they are designed to limit class claims to those fairly encompassed by the named plaintiffs' individual claims." Failure to establish any one of these four factors and at least one of the alternative requirements of Rule 23(b) precludes class certification.[4]

The Court finds that each of these requirements is satisfied in the pending adversaries. The bankruptcy court in *In re Protected Vehicles, Inc.,* 397 B.R. 339 (Bankr. S.C. 2008), certified a class of 300 former employees that brought two putative class actions against a Chapter 11 debtor for violations of the WARN Act. Lead plaintiffs in both actions moved for class certification and the court had to decide whether a class should be certified, and if so whether in one or both adversaries, and if in one adversary, which one, and if in one adversary, which firm(s) should be counsel. With three pending adversaries, this Court is faced with the same issues. Addressing the requirements for determining whether class certification was appropriate, *Protected Vehicles* explained that although courts have not specified a specific number of plaintiffs that are required to maintain a class action, the court found that the numerosity requirement was satisfied in that case where the proposed class was composed of over 300 members. In this case, the putative class consists of 2300 claimants. Joinder of 2300 WARN Act claimants is sufficiently impracticable to satisfy the numerosity requirement.

To satisfy the commonality requirement under Fed.R.Civ.P. 23(a)(2) at least one factual or legal question must be shared by all class members.[5] Here the plaintiffs in each of the pending

---

[4] *Valley Drug Co. v. Geneva Pharmaceuticals, Inc,.* 350 F.3d 1181, 1187 (11th Cir.(2003)(citations omitted).

[5] *In re Protected Vehicles, Inc.*, 397 B.R. 339, 344 (Bankr. S.C. 2008).

adversary proceedings and the potential class claimants were all terminated when Bill Heard ceased operations immediately prior to filing bankruptcy. There will be several common questions to be addressed for each plaintiff including: (a) whether plaintiffs and the putative class members were "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5); (b) whether Bill Heard was required by the WARN Act to give the plaintiffs and the other similarly situated former employees at least 60 days advanced written notice of their respective terminations; (c) whether Bill Heard terminated the proposed class members without cause; and (d) whether Bill Heard paid the proposed class members 60 days wages and benefits.

Under Fed.R.Civ.P. 23(a)(3), the claims or defenses of the representative class must be typical of the claims or defenses of the class. This requirement is satisfied when the putative class's claims "arise from the same 'event or course of conduct' and are 'based on the same legal theory' as the plaintiff's."[6] Here each proposed class representative suffered the same types of injury as the rest of the class and Bill Heard's alleged failure to comply with the requirements of the WARN Act represents a single course of conduct with regard to each potential class member. Plaintiffs allege that none of the class members received 60 days advanced notice and were all terminated on the same day, thus, the facts surrounding the plaintiffs' claims and the legal theories upon which the plaintiffs actions are grounded are typical of the entire class.

Fed.R.Civ.P. 23(a)(4) requires the class representative to adequately protect the interests of those the representative purports to represent. The Eleventh Circuit has stated that this "'adequacy of representation' analysis 'encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the

---

[6] *Id.*

representatives will adequately prosecute the action.'"[7]  The Eleventh Circuit noted that "the existence of minor conflict alone will not defeat a party's claim to class certification: the conflicts must be a "fundamental" one going to the specific issues in controversy."  In this case, the Court finds that no substantial or fundamental conflicts of interests exists between the proposed class representatives and the interests of the class as a whole.  No divergence of interests exists between any of the proposed class representatives and the interests of the rest of the class nor do any of the proposed class representatives have any claims that conflict with the claims common to the rest of the class.  The Court is also satisfied that each of the proposed class representatives will adequately prosecute the action and is represented by class counsel each of whom has already aggressively prosecuted this action to this point briefing and defending the issues before the Court.

As the Eleventh Circuit explained, to certify a class "at least one of the alternative requirements of Rule 23(b)" must be satisfied or class certification will be precluded.[8]  Here the Court finds that Fed.R.Civ.P. 23(b)(3) is satisfied.  Fed.R.Civ.P. 23(b)(3) is satisfied when "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  As previously discussed, there are approximately 2300 putative class members.  The putative class members are spread out in seven states.  Each class member was employed by Bill Heard at the time the debtor ceased operations.  There are common or similar issues of law and fact which predominate over any questions affecting

---

[7]     *Valley Drug Co. v. Geneva Pharmaceuticals, Inc.,* 350 F.3d 1181, 1189 (11th Cir. 2003).

[8]     *Id.*

only individual members related to whether Bill Heard's actions violated the WARN Act and whether the putative class members sustained damages and the appropriate measure of those damages. If the Court refused to allow the adversaries to proceed and required these claimants to proceed alone through the claims procedure, it is evident that Bill Heard would vigorously defend against these claims leaving the claimants to defend their proofs of claims on their own which would be impracticable given the small nature of many of the claims The Court finds that it is in the best interests of the putative class members, judicial economy, and even Bill Heard to an extent to adjudicate these matters in one single action.

As the bankruptcy court in *In re Protected Vehicles, Inc.*, 397 B.R. 339 (Bankr. S.C. 2008) explained, principles of judicial economy and preservation of the bankruptcy estate require this Court to select one of the adversary proceedings to resolve the WARN Act claims rather than allowing each of the actions involving the same claims to proceed. The Court having reviewed all of the pleadings filed in each of the adversary proceedings finds that the Kettle adversary proceeding is the one appropriate for class certification and appoints counsel for Kettle, the law firms of Morris, Conchin & King, The Gardner Firm, P.C., and Landenau & Miller, LLP, as class counsel pursuant to Fed.R.Civ.Proc.23(g)(1)(A).

Although counsel in each of the pending adversary proceedings is qualified, experienced and capable of conducting this litigation, the Court believes that counsel for the plaintiffs in the Kettell adversary proceeding should be appointed class counsel after considering the requirements for class counsel set out in Fed.R.Civ.Proc. 23(g)(1)(A) under which the Court is required to consider the following:

Case 08-80153-JAC Doc 29 Filed 01/12/09 Entered 01/12/09 12:51:09 Desc Main
Document Page 11 of 15

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

At the outset, the Court notes that although counsel for Lodge has filed numerous briefs in opposition to Bill Heard's motion to dismiss Lodge has not filed a motion for class certification nor has Lodge Counsel sought to be appointed as class counsel. Accordingly, the Court will only consider the qualifications of counsel for Kettell and those of counsel for Kratzel.[9] As between the two, there is no doubt that counsel for both Kettell and Kratzel have considerable experience representing class actions involving WARN Act claims in bankruptcy courts.[10] While counsel for Kratzel is apparently recognized as the nations largest plaintiff's employment law firm, counsel for Kettell also has considerable WARN Act and class action experience. Given the class action WARN Act experience both Kettell Counsel and Kratzel Counsel have, each undoubtedly has sufficient resources needed to represent the class. Counsel for both plaintiffs have also each expended considerable time and effort investigating and identifying potential claimants in this case. Kettell Counsel also filed a class proof of claim in this case on November 26, 2008, in an effort to protect Kettell's WARN Act rights. Both parties have submitted numerous briefs addressing the

---

[9] The Court will further note that its decision would not be altered had Lodge Counsel filed a motion for class certification and sought to be appointed as class counsel.

[10] *Memorandum of Law in Support of Motion for Appointment of Outten & Golden,* n.1 (listing the cases in which Rene' S. Roupinian has severed as counsel in more than 30 WARN class actions); *Plaintiff's Brief in Support of his Amended Motion for Class Certification, Appointment of Class Representative, and Class Counsel, Approval of Proposed Class Notice*, p. 14 (summarizing counsels' experience).

legal issues before the Court and while both are clearly knowledgeable of the applicable law, the Court does note than in more than one instances Kratzel, as well as Lodge, argued that plaintiffs' WARN Act claims are due to be accorded first priority administrative expense claim status. As counsel for Bill Heard pointed out, "first priority" claims deal with domestic support obligations and expenses of the trustee, if one has been appointed. In reviewing the briefs filed by Kettell, the Court was impressed by cases cited therein which were similar to this one in which Kettell Counsel has been involved. In those cases Kettell Counsel was able to obtain a successful outcome for class members in cases similar in size to this case while keeping attorney's fees and costs to a minimum, even waiving costs in one instance.[11] While the Court recognizes the experience and expertise offered by counsel for each plaintiff, the Court finds that counsel for Kettell is better suited to pursue the claims on behalf of the employees in this case. Class counsels' attorney fees will be limited to any funds recovered on behalf of the class in the category or categories set forth under § 507(a)(4) or (5) or below and will not be entitled to administrative expense priority status.

The Court having determined that Adversary Proceeding 08-80153-JAC-11 should be certified as a class action and that Kettell Counsel is appointed as class counsel, the Court further finds that the class is due to be restricted to those employees that file proofs of claim prior to the bar date which has yet to be set in this case. Although the Court is certifying the Kettell adversary as a class action, the Court is gravely concerned that there is a possibility that there will be no funds available under § 507(a)(4) or below in the liquidating Chapter 11 to pay the WARN Act claims and accordingly, as urged by Bill Heard, will stay any further action in this adversary for a period of 90

---

[11] *Plaintiff Adam Kettell's Supplemental Response to Debtors' Motion to Dismiss*, p. 3-7(describing cases in which Kettell counsel has been personally involved).

12

days, except for the noticing described below, to allow the parties to better evaluate at that time whether any funds will be available for distribution to pay class claims. By separate order this Court will set this matter for status in 90 days. During the interim, any activity in the case shall be stayed except that the Court hereby instructs Kettell Counsel and counsel for Bill Heard to jointly submit to the Court a proposed notice that will be sent out by Kettell to the putative class members informing them of their potential WARN Act rights and claims. No bar date for employees will be set at this time even though other bar dates maybe set as to some or all other claimants. Kettell and Bill Heard are instructed to propose to the Court a bardate for filing said claims.

Although Bill Heard has urged the Court to rule now on the issue of priority to be given WARN Act damages the Court will not make an affirmative ruling at this time other than to say that this Court does not agree with the arguments advocated by Lodge and Kratzel that WARN Act claims and attorney fees are entitled to administrative expense status pursuant to 11 U.S.C. § 503(b)(1)(A)(ii). *See  First Magnus Fin. Corp.*, 390 B.R. 667 (Bankr. Ariz. 2008); *Henderson v. Powermate Holding, Corp. (In re Powermate Holding, Corp.)*, 394 B.R. 765 (Bankr. D. Del. 2008). While the Court recognizes that a majority of the courts have treated WARN Act damages as being in the nature of wages and have accorded such claims the same priority classification as all other wages claims under § 507(a)(4), the Court is also aware of at least one decision, *First Magnus Fin. Corp.*, 390 B.R. 667 (Bankr. Ariz. 2008), in which the bankruptcy court expressed concern that pre-petition employees not be allowed to "'double-dip' and get *both* a priority claim for unpaid prepetition wages, as well as an administrative claim for any WARN Act damages claims, which due only to timing of the bankruptcy filing carries those damages into the post-petition phase."

Given the possibility in the case before the Court that there will not be any funds to pay even § 507(a)(4) claims, the Court will not make an affirmative ruling on the issue at this time.

In conformity with the foregoing, the law firms of Morris, Conchin & King, The Gardner Firm, P.C., and Landenau & Miller, LLP, are hereby appointed as lead counsel for the class consisting of former employees of defendants having been terminated from employment by same without receiving advanced notice as required by the WARN Act. Adam Kettell is hereby certified as class representative. Class members may opt out of the class. Class counsel and Bill Heard shall propose to the Court a WARN Act notice to be mailed to the putative class members. All further activity in the class action shall be stayed for a period of 90 days.

Dated: January 12, 2009

/s/ Jack Caddell
Jack Caddell
U.S. Bankruptcy Judge

JAC/mhb
xc:  Debtor(s)
     Derek Meek, attorney for debtors
     Bob Rubin, attorney for debtors
     Edward Kratzel
     Rene S. Roupian
     Mark Williams
     Adam Kettell
     Gary Conchin
     J. Cecil Gardner
     Joe A. King
     Joe A. King
     Joseph D. Aiello
     Mary E. Olsen
     Michael Vance McCrary

Erica Lodge
Michelle Whitby
Robert Dunn
Eric Artrip
Herman Watson, Jr.
Joe R. Whatley, Jr.
Rebekah Keith McKinney
Richard Rouco
Stuart Maples
Richard Blythe